UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

JAMES IRONS,                                              23 CV 7633 (DG) (JAM)

                          Plaintiff,

          - v. -                                         **DEFENDANT LOUIS**
                                                         **SCARCELLA'S ANSWER**
LOUIS SCARCELLA, et al.,                                 **TO COMPLAINT AND**
                                                         **CROSS-CLAIMS**

                          Defendants.

-------------------------------------------------------------x

Defendant Police Detective Louis Scarcella (Ret.) ("Det. Scarcella"), by his

attorneys, as and for his answer to the complaint and his cross-claims, respectfully alleges as

follows, by like-numbered paragraph:

<u>As to "Introduction"</u>

1.  Deny each and every allegation, except admit that plaintiff purports to bring this

action as stated therein.

2.  Deny each and every allegation, except admit that plaintiff was convicted of

murder in the second degree and attempted robbery in the first degree and that plaintiff was

sentenced to concurrent prison terms of 25 years to life on the murder count and seven and one-

half to fifteen years on the attempted robbery count.

3.  Deny each and every allegation.

4.  Deny each and every allegation, except admit that the Kings County District

Attorney's Office's Conviction Review Unit ("CRU") reinvestigated plaintiff's case, and

respectfully refer the Court to the "Conviction Review Unit Report On The Investigation

Concerning The Conviction Of James Irons – CRU 18-0034" ("Irons CRU Report") for its full

contents and meanings.

5.  Deny each and every allegation, and respectfully refer the Court to the Irons CRU Report for its full contents and meanings.

6.  Deny each and every allegation, except admit that a motion was made under N.Y.C.P.L. § 440.10(1)(g) ("440 Motion") to vacate the judgments of conviction against plaintiff, Thomas Malik, and Vincent Ellerbe based on newly-discovered evidence.

7.  Deny each and every allegation, and respectfully refer the Court to the Irons CRU Report for its full contents and meanings.

8.  Deny each and every allegation, and respectfully refer the Court to Dr. Saul Kassin's report for its full contents and meanings.

9.  Deny each and every allegation, and respectfully refer the Court to the Irons CRU Report for its full contents and meanings.

10.  Deny each and every allegation, and respectfully refer the Court to the Irons CRU Report for its full contents and meanings.

11.  Deny each and every allegation.

12.  Admit that the 440 Motion was granted and the indictment against plaintiff was dismissed.

13.  Deny each and every allegation.

### As to "Nature Of The Action"

14.  Deny each and every allegation, except admit that plaintiff purports to bring this action as stated therein.  Insofar as the allegations in this paragraph purport to state questions or conclusions of law, no response is required.

15.  Deny each and every allegation, except admit that plaintiff purports to assert

claims against the City of New York ("City") as stated therein. Insofar as the allegations in this paragraph purport to state questions or conclusions of law, no response is required.

## As to "Jurisdiction And Venue"

16. Deny each and every allegation, except admit that plaintiff purports to bring this action as stated therein.

17. Deny each and every allegation, except admit that plaintiff purports to invoke this Court's original subject matter jurisdiction and supplemental jurisdiction as stated therein.

18. Deny each and every allegation, except admit that plaintiff purports to base venue as stated therein.

## As to "Conditions Precedent"

19. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that this matter has not been resolved.

## As to "Parties"

20. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation

21. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that the City is a municipal entity.

22. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that the City has a police department, the New York City Police Department ("NYPD").

23. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that the Kings County District Attorney is an

elected officer.

24.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.  Insofar as the allegations in this paragraph purport to state questions or conclusions of law, no response is required.

25.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.  Insofar as the allegations in this paragraph purport to state questions or conclusions of law, no response is required.

26.  Deny each and every allegation, except admit that Det. Scarcella was employed as a police detective with the NYPD; that Det. Scarcella at all times acted lawfully and within the scope of his employment as a police detective; and that the City is obligated under law to defend and indemnify Det. Scarcella, and respectfully refer the Court to Det. Scarcella's cross-claims herein for defense, contribution, and indemnification.

27.  Deny each and every allegation, except admit that Det. Scarcella was formerly employed as a police detective with the NYPD; that he was promoted to the rank of Detective, Second Grade, in March 1998, and to the rank of Detective, First Grade, in December 1993; that he retired in March 1999; and that he acted lawfully and within the scope of his employment at all times.  Insofar as the allegations in this paragraph purport to state questions or conclusions of law, no response is required.

28.  Deny each and every allegation.

29.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that defendant Stephen Chmil ("Det. Chmil") was formerly employed as a police detective with the NYPD.  Insofar as the allegations in this

paragraph purport to state questions or conclusions of law, no response is required.

30.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that defendant Michael Paul ("Det. Paul") was formerly employed as a police detective with the NYPD.  Insofar as the allegations in this paragraph purport to state questions or conclusions of law, no response is required.

31.  Deny each and every allegation.  Insofar as the allegations in this paragraph purport to state questions or conclusions of law, no response is required.

### As to "Jury Demand"

32.  Admit that plaintiff purports to demand trial by jury as stated therein.

### As to "Facts"

33.  Deny each and every allegation, and respectfully refer the Court to the testimony and other evidence presented at plaintiff's criminal trial for their full contents and meanings.

34.  Deny each and every allegation, and respectfully refer the Court to the testimony and other evidence presented at plaintiff's criminal trial for their full contents and meanings.

35.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the testimony and other evidence presented at plaintiff's criminal trial for their full contents and meanings.

36.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the "911" calls referenced in this paragraph for their full contents and meanings.

37.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the "911" call referenced in this paragraph for its full contents and meanings.

38.  Deny each and every allegation, and respectfully refer the Court to the "911" call referenced in this paragraph for its full contents and meanings.

39.  Deny each and every allegation, and respectfully refer the Court to the "911" call referenced in this paragraph for its full contents and meanings.

40.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the "911" call referenced in this paragraph for its full contents and meanings.

41.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the "911" call referenced in this paragraph for its full contents and meanings.

42.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that Harry Kaufman was transported to a hospital.

43.  Admit that Harry Kaufman suffered severe burns and died on December 10, 1995.

44.  Deny each and every allegation.

45.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

46.  Deny having knowledge or information sufficient to form a belief as to the

truth of each and every allegation, except admit that the NYPD had potential suspects.

47. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that the potential suspects included individuals known as "Sport", "Crime", and "Biz".

48. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

49. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

50. Deny each and every allegation.

51. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

52. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

53. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

54. Deny each and every allegation, and respectfully refer the Court to the trial prosecutor's notes for their full contents and meanings.

55. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

56. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

57. Deny having knowledge or information sufficient to form a belief as to the

truth of each and every allegation.

58.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

59.  Deny each and every allegation.

60.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

61.  Admit that police detectives transported Ricardo James to the 79th Precinct on December 13, 1995.

62.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that police detectives transported plaintiff to the 79th Precinct on December 13, 1995.

63.  Deny each and every allegation, except admit that Ricardo was interviewed by Det. Scarcella and Det. Chmil and then by Detective Kevin Coursey and Detective Richard Bergin at the 79th Precinct.

64.  Deny each and every allegation.

65.  Deny each and every allegation.

66.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

67.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

68.  Deny each and every allegation.

69.  Deny each and every allegation.

70.  Deny each and every allegation.

71.  Deny each and every allegation.

72.  Deny each and every allegation.

73.  Deny each and every allegation.

74.  Deny each and every allegation.

75.  Deny each and every allegation.

76.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

77.  Deny each and every allegation.

78.  Deny each and every allegation, except admit that Det. Scarcella and Det. Chmil interviewed plaintiff.

79.  Deny each and every allegation.

80.  Deny each and every allegation.

81.  Deny each and every allegation.

82.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

83.  Deny each and every allegation.

84.  Deny each and every allegation.

85.  Deny each and every allegation.

86.  Deny each and every allegation.

87.  Deny each and every allegation.

88.  Deny each and every allegation.

89.  Deny each and every allegation.

90.  Deny each and every allegation.

91.  Deny each and every allegation.

92.  Deny each and every allegation.

93.  Deny each and every allegation.

94.  Deny each and every allegation.

95.  Deny each and every allegation.

96.  Deny each and every allegation.

97.  Deny each and every allegation

98.  Deny each and every allegation.

99.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

100.  Deny each and every allegation, and respectfully refer the Court to the videotaped interview referenced in this paragraph for its full contents and meanings.

101.  Deny each and every allegation, and respectfully refer the Court to the videotaped interview referenced in this paragraph for its full contents and meanings.

102.  Deny each and every allegation, and respectfully refer the Court to the videotaped interview referenced in this paragraph for its full contents and meanings.

103.  Deny each and every allegation, and respectfully refer the Court to the videotaped interview referenced in this paragraph for its full contents and meanings.

104. Deny each and every allegation, and respectfully refer the Court to the videotaped interview and the written statement referenced in this paragraph for their full contents and meanings.

105. Deny each and every allegation, and respectfully refer the Court to the videotaped interview referenced in this paragraph for its full contents and meanings.

106. Deny each and every allegation, and respectfully refer the Court to the videotaped interview and the written statement referenced in this paragraph for their full contents and meanings.

107. Deny each and every allegation, and respectfully refer the Court to the videotaped interview referenced in this paragraph for its full contents and meanings.

108. Deny each and every allegation, and respectfully refer the Court to the videotaped interview referenced in this paragraph for its full contents and meanings.

109. Deny each and every allegation, and respectfully refer the Court to the videotaped interview referenced in this paragraph for its full contents and meanings.

110. Deny each and every allegation, and respectfully refer the Court to the videotaped interview referenced in this paragraph for its full contents and meanings.

111. Deny each and every allegation, and respectfully refer the Court to the videotaped interview referenced in this paragraph for its full contents and meanings.

112. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

113. Deny having knowledge or information sufficient to form a belief as to the

truth of each and every allegation.

114.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

115.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

116.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

117.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

118.  Admit that plaintiff's criminal trial commenced on or about October 8, 1996.

119.  Admit that Darlene Williams was called to testify for the defense at plaintiff's criminal trial.

120.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to Darlene Williams' trial testimony for its full contents and meanings.

121.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to Darlene Williams' trial testimony for its full contents and meanings.

122.  Deny each and every allegation, except admit that Miriam Graham was called to testify for the defense at plaintiff's criminal trial.

123.  Deny having knowledge or information sufficient to form a belief as to the

truth of each and every allegation, and respectfully refer the Court to Miriam Graham's trial testimony for its full contents and meanings.

124.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

125.   Deny each and every allegation, except admit that plaintiff testified in his defense at his criminal trial, and respectfully refer the Court to plaintiff's trial testimony for its full contents and meanings.

126.   Deny each and every allegation, and respectfully refer the Court to plaintiff's trial testimony for its full contents and meanings.

127.   Deny each and every allegation, and respectfully refer the Court to plaintiff's trial testimony for its full contents and meanings.

128.   Deny each and every allegation, and respectfully refer the Court to plaintiff's trial testimony for its full contents and meanings.

129.   Deny each and every allegation, and respectfully refer the Court to plaintiff's trial testimony for its full contents and meanings.

130.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

131.   Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to plaintiff's trial testimony for its full contents and meanings.

132.   Deny having knowledge or information sufficient to form a belief as to the

13

truth of each and every allegation.

133.  Deny each and every allegation.

134.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

135.  Deny each and every allegation.

136.  Deny each and every allegation, and respectfully refer the Court to the prosecution's summation at trial for its full contents and meanings.

137.  Deny each and every allegation.

138.  Deny each and every allegation.

139.  Deny each and every allegation.

140.  Deny each and every allegation, except admit that plaintiff was convicted of murder in the second degree and attempted robbery in the first degree.

141.  Admit that plaintiff was sentenced to concurrent prison terms of 25 years to life on the murder count and seven and one-half to fifteen years on the attempted robbery count.

142.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that CRU reinvestigated plaintiff's case.

143.  Deny each and every allegation.

144.  Deny each and every allegation.

145.  Deny each and every allegation.

146.  Deny each and every allegation.

147.  Deny each and every allegation, and respectfully refer the Court to Det.

Chmil's trial testimony for its full contents and meanings.

148.  Deny each and every allegation.

149.  Deny each and every allegation.

150.  Deny each and every allegation.

151.  Deny each and every allegation, and respectfully refer the Court to Dr. Bruce Frumkin's report for its full contents and meanings.

152.  Deny each and every allegation, and respectfully refer the Court to Dr. Saul Kassin's report for its full contents and meanings.

153.  Deny each and every allegation, and respectfully refer the Court to Dr. Saul Kassin's report for its full contents and meanings.

154.  Deny each and every allegation, and respectfully refer the Court to the Irons CRU Report for its full contents and meanings.

155.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

156.  Deny each and every allegation.

157.  Deny each and every allegation.

158.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that the 440 Motion was made, and respectfully refer the Court to the hearing on the 440 Motion for its full contents and meanings.

159.  Deny each and every allegation, and respectfully refer the Court to the Irons CRU Report for its full contents and meanings.

160.  Deny each and every allegation, and respectfully refer the Court to the Irons CRU Report for its full contents and meanings.

161.  Deny each and every allegation, and respectfully refer the Court to the Irons CRU Report for its full contents and meanings.

162.  Admit that the Supreme Court of the State of New York, Kings County, granted the 440 Motion.

163.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, except admit that plaintiff's, Thomas Malik's, and Vincent Ellerbe's convictions were vacated and the indictment against them was dismissed.

164.  Deny each and every allegation.

165.  Deny each and every allegation.

166.  Deny each and every allegation, and respectfully refer the Court to the Mollen Report for its full contents and meanings.

167.  Deny each and every allegation, and respectfully refer the Court to the Mollen Report for its full contents and meanings.

168.  Deny each and every allegation, and respectfully refer the Court to the Mollen Report for its full contents and meanings.

169.  Deny each and every allegation, and respectfully refer the Court to the Mollen Report for its full contents and meanings.

170.  Deny each and every allegation, and respectfully refer the Court to the decision cited in this paragraph for its full contents and meanings.

171.  Deny each and every allegation, and respectfully refer the Court to the Panel

Report for its full contents and meanings.

172. Deny each and every allegation, and respectfully refer the Court to the Panel Report for its full contents and meanings.

173. Deny each and every allegation, and respectfully refer the Court to the NYSBA Report for its full contents and meanings.

174. Deny each and every allegation, and respectfully refer the Court to the NYSBA Report for its full contents and meanings.

175. Deny each and every allegation.

176. Deny each and every allegation.

177. Deny each and every allegation, and respectfully refer the Court to the episode of the *Dr. Phil* television show referenced in this paragraph for its full contents and meanings.

178. Deny each and every allegation, and respectfully refer the Court to the Det. Scarcella's testimony referenced in this paragraph for its full contents and meanings.

179. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to Det. Chmil's hearing testimony for its full contents and meanings.

180. Deny each and every allegation.

181. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the internet post referenced in this paragraph for its full contents and meanings.

182. Deny having knowledge or information sufficient to form a belief as to the

truth of each and every allegation, and respectfully refer the Court to the hearing referenced in this paragraph for its full contents and meanings.

183. Deny each and every allegation.

184. Deny each and every allegation.

185. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the statement of Joseph Campbell referenced in this paragraph for its full contents and meanings.

186. Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

187. Deny each and every allegation.

188. Deny each and every allegation.

189. Deny each and every allegation.

190. Deny each and every allegation, and respectfully refer the Court to the decision cited in this paragraph for its full contents and meanings.

191. Deny each and every allegation.

192. Deny each and every allegation.

193. Deny each and every allegation, and respectfully refer the Court to the decision referenced in this paragraph for its full contents and meanings.

194. Deny each and every allegation.

195. Deny each and every allegation, except admit that Det. Scarcella held the rank of Detective, First Grade, and received awards for his police work, and respectfully refer the Court to the newspaper article cited in this paragraph for its full contents and meanings.

196.  Deny each and every allegation.

197.  Deny each and every allegation.

198.  Deny each and every allegation.

199.  Deny each and every allegation, and respectfully refer the Court to Det. Scarcella's hearing testimony for its full contents and meanings.

200.  Deny each and every allegation, except deny having knowledge or information concerning the facts and circumstances of the cases referenced in this paragraph.

201.  Deny each and every allegation, and respectfully refer the Court to the decisions cited in this paragraph for their full contents and meanings.

202.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation, and respectfully refer the Court to the study cited in this paragraph for its full contents and meanings.

203.  Deny each and every allegation.

204.  Deny each and every allegation.

205.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

206.  Deny each and every allegation.

207.  Deny each and every allegation, and respectfully refer the Court to the decisions cited in this paragraph for their full contents and meanings.

208.  Deny each and every allegation.

209.  Deny each and every allegation.

210.  Deny each and every allegation.  Insofar as the allegations purport to state

19

questions or conclusions of law, no response is required.

211.  Deny each and every allegation.

212.  Deny each and every allegation.

213.  Deny each and every allegation.

214.  Deny each and every allegation.

215.  Deny each and every allegation.

216.  Deny each and every allegation.

217.  Deny each and every allegation.

218.  Deny each and every allegation.

219.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

220.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

221.  Deny each and every allegation, and respectfully refer the Court to the decisions cited in this paragraph for their full contents and meanings.

222.  Deny each and every allegation, and respectfully refer the Court to the decisions cited in this paragraph for their full contents and meanings.

223.  Deny each and every allegation.

224.  Deny each and every allegation.

225.  Deny each and every allegation.

226.  Deny each and every allegation, and respectfully refer the Court to the deposition testimony referred to in this paragraph for its full contents and meanings.

227.  Deny each and every allegation.

228.  Deny each and every allegation.

229.  Deny each and every allegation, and respectfully refer the Court to the testimony referred to in this paragraph for its full contents and meanings.

230.  Deny each and every allegation.

### As to "Damages"

231.  Deny each and every allegation, except admit that plaintiff purports to seek damages as stated in this paragraph.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

232.  Deny having knowledge or information sufficient to form a belief as to the truth of each and every allegation.

233.  Deny each and every allegation.

234.  Deny each and every allegation.

235.  Deny each and every allegation.

236.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

237.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

### As to "First Cause Of Action"

238.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

239.  Deny each and every allegation.  Insofar as the allegations purport to state

questions or conclusions of law, no response is required.

240.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

241.  Deny each and every allegation.

242.  Deny each and every allegation.

243.  Deny each and every allegation.

244.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

245.  Deny each and every allegation.

246.  Deny each and every allegation.

247.  Deny each and every allegation.

248.  Deny each and every allegation.

249.  Deny each and every allegation.

250.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

251.  Deny each and every allegation.

252.  Deny each and every allegation.

### As to "Second Cause Of Action"

253.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

254.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

255.  Deny each and every allegation.

256.  Deny each and every allegation.

257.  Deny each and every allegation.

258.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

259.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

260.  Deny each and every allegation.

261.  Deny each and every allegation.

### As to "Third Cause Of Action"

262.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

263.  Deny each and every allegation.

264.  Deny each and every allegation, and respectfully refer the Court to the Mollen Report for its full contents and meanings.

265.  Deny each and every allegation, and respectfully refer the Court to the decisions cited in this paragraph for their full contents and meanings.

266.  Deny each and every allegation.

267.  Deny each and every allegation.

268.  Deny each and every allegation.

269.  Deny each and every allegation.

270.  Deny each and every allegation.  Insofar as the allegations purport to state

questions or conclusions of law, no response is required.

271.  Deny each and every allegation.

272.  Deny each and every allegation.

273.  Deny each and every allegation.

274.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

275.  Deny each and every allegation.

### As to "Fourth Cause Of Action"

276.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

277.  Deny each and every allegation.

278.  Deny each and every allegation.

279.  Deny each and every allegation.

280.  Deny each and every allegation.

281.  Deny each and every allegation.

282.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

283.  Deny each and every allegation.

284.  Deny each and every allegation, except admit that Det. Scarcella at all times acted lawfully and within the scope of his employment as a police detective.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

285.  Deny each and every allegation.

### As to "Fifth Cause Of Action"

286.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

287.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

288.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

### As to "Sixth Cause Of Action"

289.  Repeat and reallege each and every allegation, admission, and denial made in response to the paragraphs of the complaint which are referred to in this paragraph.

290.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

291.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

292.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

293.  Deny each and every allegation.  Insofar as the allegations purport to state questions or conclusions of law, no response is required.

## **AFFIRMATIVE DEFENSES**

A.  The complaint fails to state a cause of action against Det. Scarcella upon which relief may be granted.

B.  Det. Scarcella has not violated any of plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has he violated any act of Congress providing for the protection of civil rights.

C.  There was probable cause for plaintiff's arrest and detention.

D.  There was probable cause for plaintiff's prosecution and conviction.

E.  At all relevant times, Det. Scarcella acted reasonably, properly, lawfully, and in good faith.  Det. Scarcella did not at any time act with actual malice.

F.  At all relevant times, Det. Scarcella acted within the scope of his employment.

G.  Det. Scarcella's actions were objectively reasonable under the circumstances of which he was aware.  He is, therefore, entitled to qualified immunity from all liability therefor.

H.  Det. Scarcella's actions did not violate any clearly established constitutional or statutory right of which he was aware or a reasonable person should have been aware.  He is, therefore, entitled to qualified immunity from all liability therefor.

I.  All or part of the allegations asserted against Det. Scarcella concern discretionary governmental decisions or functions for which he is immune from liability.

J.  Det. Scarcella is entitled to immunity for any error in judgment in the exercise of governmental functions.

K.  Plaintiff is not entitled to any punitive damages.

L.  Any injury alleged to have been sustained by plaintiff was caused, in whole or in part, by the culpable, intentional, or negligent conduct of plaintiff and/or the intervening conduct of a third-party or third-parties, and was not the proximate result of any act or omission by Det. Scarcella.

M.  Plaintiff failed to mitigate his damages.

N.  To the extent any of the claims against Det. Scarcella is based on his testifying as a witness in any capacity, he is entitled to absolute immunity.

O.  Plaintiff may have failed to comply with all the conditions precedent to filing suit set forth in Section 50 of the New York General Municipal Law.

P.  Plaintiff's claims may be barred by the relevant statute of limitations.

Q.  Plaintiff's claims may be barred in whole or in part by the doctrines of *res judicata* and/or *collateral estoppel.*

R.  To the extent plaintiff recovers any damages, the amount of the award shall be reduced by the sum total of all collateral reimbursements received by plaintiff, from whatever source, in accordance with the provisions of CPLR § 4545.

S.  Det. Scarcella's share of liability, if any, should be reduced pursuant to New York General Obligations Law § 15-108 in light of any prior settlement reached by plaintiff with another person/entity, and in the event plaintiff reaches a settlement with any of the other defendants.

27

## CROSS-CLAIMS

### FIRST CROSS-CLAIM

1.   Pursuant to New York General Municipal Law Section 50-k and any other applicable statute, legal authority, and rule, the City has a duty to provide for the defense of Det. Scarcella in this action, because any alleged act or omission from which this action arose occurred while Det. Scarcella was properly and lawfully acting within the scope of his public employment and in the discharge of his duties and he was not in violation of any rule or regulation of his agency at the time the alleged act or omission occurred.

2.   Det. Scarcella duly requested that the City provide for his defense in this action, but the City has denied the request and refused to do so.

3.   The City has failed to comply with its obligations under New York General Municipal Law Section 50-k and any other applicable statute, legal authority, and rule, to provide for Det. Scarcella's defense in this action.

### SECOND CROSS-CLAIM

4.   If plaintiff was caused to sustain damages as alleged in the complaint due to any carelessness, recklessness, negligence, and/or acts of omission or commission other than plaintiff's own carelessness, recklessness, negligence, and/or acts of omission or commission, said damages were sustained by reason of the carelessness, recklessness, negligence, and/or acts of omission or commission by each and every one of the other named defendants in this case and their respective agents, servants, and/or employees (collectively referred to herein as "Co-defendants"); and if any judgment is recovered herein by the plaintiff against Det. Scarcella, he will be damaged thereby and the Co-defendants will be responsible therefor in whole or in part.

28

5.  By reason of the foregoing, the Co-defendants will be liable to Det. Scarcella and in the full amount of any recovery had herein by plaintiff or for that proportion thereof caused by the relative responsibility of each of the Co-defendants herein, and the said Co-defendants will be bound to pay any and all damages, fees and disbursements.

### THIRD CROSS-CLAIM

6.  Pursuant to New York General Municipal Law Section 50-k and any other applicable statute, legal authority, and rule, the City shall indemnify and save harmless Det. Scarcella in the amount of any judgment or settlement obtained against him by the plaintiff because any alleged act or omission from which such judgment or settlement arose would have occurred while he was properly and lawfully acting within the scope of his public employment and in the discharge of his duties and he was not in violation of any rule or regulation of his agency at the time the alleged damages were sustained, and any such alleged damages were not caused by Det. Scarcella's intentional wrongdoing or recklessness.

### DEMAND FOR JUDGMENT

WHEREFORE, as to the complaint and cross-claims, defendant Police Detective Louis Scarcella (Ret.) respectfully demands judgment against plaintiff and, if necessary and applicable, the Co-Defendants, as follows:

I.      Dismissal of the complaint and denial of all relief requested therein with costs and disbursements in favor of Det. Scarcella;

II.     Judgment in favor of Det. Scarcella on the first cross-claim declaring that the City shall provide for the defense of Det. Scarcella in this action;

III.    Judgment in favor of Det. Scarcella on the second and third cross-claims against

29

Co-Defendants, if necessary and applicable;

IV.    Such other, further, and different relief as this Court may deem just and proper.

Dated:  New York, New York
        April 16, 2024

Respectfully submitted,

LAW OFFICE OF
RICHARD E. SIGNORELLI

By:    /s/ Bryan Ha

_____

Bryan Ha
52 Duane Street, 7th Floor
New York, NY 10007
Telephone:    914-512-5930
Facsimile:    212-981-6800
Cellular:    646-245-7443
bhanyc@gmail.com
www.nycjd.com

Attorneys for Defendant
Detective Louis Scarcella (Ret.)

FILING AND SERVICE VIA ELECTRONIC FILING